## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VALLEY PROPERTY, LLC,

      Plaintiff,

      v.                            No. 1:24-cv-294-MV-KK

TUAN Q. NGUYEN and
TAI TAN NGUYEN,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

Before the Court is Plaintiff Valley Property, LLC's ("Plaintiff") Motion to Enforce Settlement Agreement Regarding Unresolved Payment Obligation of Defendant Parties ("Motion"), filed on February 14, 2025. (Doc. 22.) Having reviewed the Motion, the record, and for the reasons stated herein, the I recommend the Court GRANT Plaintiff's Motion.

### I. Background

On March 25, 2024, Plaintiff filed a Complaint for Foreclosure and Enforcement of Commercial Debt Obligations against Defendants ("Complaint"). (Doc. 1.) The Complaint alleged that since September 2022 Defendants had not made scheduled payments on a promissory note they made and delivered to the Plaintiff. (Doc. 1 at ¶¶ 11-14.) The note was secured by a mortgage that covered the property purchased by the Defendants. (Doc. 1 at ¶¶ 11-14.) Thus, Plaintiff alleged Defendants were in default on the note. (Doc. 1 at ¶¶ 14.) In the Complaint, Plaintiff sought payment of the unpaid principal to the loan balance ($294,878.94), plus interest at the current rate

---

[1] By an Order of Reference (Doc. 23) entered on February 18, 2025, United States District Judge Martha Vasquez referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

of 6.00% per year from October 1, 2022, plus late charges, escrows, and advances and foreclosure on the commercial property that secured the mortgage. (Doc. 1 at Counts I-II.)

On August 9, 2024, the undersigned held a settlement conference between Plaintiff and Defendants, wherein they entered into a settlement agreement (the "Settlement Agreement"). (Doc. 20; Doc. 22 Ex. 1.) The Settlement Agreement first required Defendants to execute a deed in lieu of foreclosure ("Deed in Lieu") and the Plaintiff acknowledges Defendants executed that Deed in Lieu and fulfilled that portion of their obligations under the Settlement Agreement. (Doc. 22 at 2; Doc. 22 Ex. 1 at § 1.) Next, the Settlement Agreement required Defendants to pay Plaintiff $10,000 in two installments within 60 days of Plaintiff's verification of their financial assets and obligations. (Doc. 22 Ex. 1 at § 2.)

The Settlement Agreement set forth terms regarding any failure by Defendants to complete their obligations under the Settlement Agreement. Specifically, as relevant to this Motion, the Settlement Agreement allowed Plaintiff "to pursue entry of a personal judgment against [Defendants] for any unpaid amount due of the $10,000 amount, with interest accruing at the rate of 12.00% on such amounts from the date of August 9, 2024, forward." (Doc. 22 Ex. 1 at § 2.) Furthermore, the Settlement Agreement left the underlying Complaint open "to facilitate the payment time period contemplated in this Section 2." (Doc. 22 Ex. 1 at § 2.) The Settlement Agreement allowed Defendants to contest only whether default occurred and "not to oppose collection efforts following such a default, including raising no affirmative defenses, asserting no counterclaims, and raising no arguments that [Plaintiff] is not entitled to pursue enforcement of the Note, Mortgage, or this Settlement Agreement" if they defaulted on the obligation under § 2 of the Settlement Agreement, (Doc. 22 Ex. 1 at § 2.)

In the Motion, Plaintiff asserts that "[i]n spite of numerous requests by [Plaintiff] for Defendants to comply with [their] settlement payment obligations to avoid the need for court intervention, well after the deadline for doing so Defendants have tendered no payments under the Settlement Agreement." (Doc. 22 at 4.) Plaintiff asks the Court to "enforce the Settlement Agreement by: (a) entering judgment in the amount of $10,000 plus applicable pre-judgment interest at the rate of 12.00% from the date of August 9, 2024, through entry of judgment;[2] (b) awarding post-judgment interest of 12.00%; and (c) awarding [Plaintiff] its attorney's fees affiliated with enforcing the Settlement Agreement." (Doc. 22 at 8.) To date, Defendants have not responded to Plaintiff's Motion. (Doc. 24.)  The Court held a status conference on December 11, 2025, at which Plaintiff's counsel appeared, but neither Defendants, nor their counsel appeared. (Docs. 25, 26.)

## II. <u>Standard of Review</u>

A federal district court "has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). Further, "where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Devon Energy Prod. Co., L.P. v. Line Finders, LLC*, 2022 WL 4232404, at *5 (10th Cir. Sept. 14, 2022). However, when there are no material factual disputes regarding the existence or terms of the agreement and only "the legal implications of the parties' conduct" are at issue, no evidentiary

---

[2] Plaintiff calculates the interest to accrue at $.33 per day, which is not accurate. Under the terms of the Settlement Agreement, the interest accrued per day appears to be $3.29. (Doc. 22 at 5.)

hearing is required. *Id.* at *5–6 (holding that the record before the court established that the parties had entered into a settlement agreement); *see also Leavy v. BNSF Ry. Co.*, No. 23-CV-991, 2025 WL 1475404, at *2–3 (D.N.M. May 22, 2025).

### III. Analysis

In this case, the record establishes that Plaintiff and Defendants entered into the Settlement Agreement, and the undersigned presided over and assisted the parties in reaching this Agreement. (Doc. 20; Doc. 22 Ex. 1.) Defendants were represented by counsel during the Settlement Conference and agreed to the Settlement Agreement freely and voluntarily. Further, there is no material dispute about the terms of the Settlement Agreement, which are consistent with New Mexico law.[3] Thus, the Court need not hold an evidentiary hearing regarding the existence or terms of the Settlement Agreement and may summarily enforce the agreement if there is a material breach. *Devon Energy Prod. Co., L.P.*, 2022 WL 423404, at *5-6; *Hardage*, 982 F.2d at 1496. Under New Mexico law, a party may choose to require the performance of the terms of a settlement agreement after a material breach. *Wagner Equip. Co. v. Wood*, 938 F. Supp. 2d 1203, 1210 (D.N.M. 2013) (noting that recission is not the sole remedy for breach of a settlement agreement); *see also* (Doc. 22 Ex. 1 at ¶ 2 (stating that Plaintiff can "pursue entry of a personal judgment against" Defendants in the event of a breach of the Settlement Agreement).)

Plaintiff states that "Defendants have tendered no payments" to fulfill their obligation under Section 2 of the Settlement Agreement. (Doc. 22 at 4.) Defendants did not respond to

---

[3] NMSA 1978, § 56-8-3 governs prejudgment interest. *See also City of Farmington v. Amoco Gas Co.*, 777 F.2d 554, 556 (10th Cir. 1985) (applying § 56-8-3); *Philadelphia Indem. Ins. Co. v. Blue Mountain Contractors, LLC*, No. 20-CV-1293, 2022 WL 1624735, at *2-3 (D.N.M. May 23, 2022) (same). Section 56-8-3 sets the maximum pre-judgment interest rate at 15% unless it is a contractually negotiated. Here, it is both lower than the maximum rate allowed under New Mexico law and set forth in writing in the Settlement Agreement. (Doc. 22 Ex. 1). Section 56-8-3 also allows prejudgment interest in cases proving money due by contract.

Plaintiff's Motion. (Doc. 24.) In addition, the undersigned held a status conference on December 11, 2025, to allow Defendants an additional opportunity to offer evidence that they had not materially breached the Settlement Agreement or otherwise oppose Plaintiff's Motion. (Doc. 26.) Neither Defendants nor counsel for them appeared at the December 11, 2025 status conference. (Doc. 26.)

Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R.-Civ. 7.1(b). Local Civil Rule 7.4, in turn, provides that a response to a motion "must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.L.R.-Civ. 7.4(a).

Defendants have had multiple opportunities since Plaintiff filed this Motion to cure their failure to fulfill their obligations under the Settlement Agreement or to oppose Plaintiff's Motion. They have not done so, and thus consistent with Local Rule 7.1(b), have consented to the grant of Plaintiff's Motion. I therefore recommend that the Court grant Plaintiff's Motion to Enforce the Settlement Agreement (Doc. 22) and:

> (1) enter judgment in the amount of $10,000 plus applicable pre-judgment interest at the rate of 12.00% from the date of August 9, 2024, through entry of judgment;
> (2) award post-judgment interest of 12.00%; and
> (3) award Plaintiff its attorney's fees affiliated with enforcing the Settlement Agreement to be determined after Plaintiff submits its fee petition.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**